IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PERSONACARE OF READING, INC., d/b/a KINDRED TRANSITIONAL CARE AND REHABILITATION - WYOMISSING, | CIVIL ACTION |
| Plaintiff, | NO. 16-1965 |
| v. | |
| KATHRYN M. LENGEL and THERESA A. QUITINSKY, and as co-Executrixes of the Estate of MARY KATHRYN QUITINSKY, | |
| Defendants. | |

## MEMORANDUM OPINION

**Schmehl, J.   /s/ JLS**                                                                 **March  17, 2017**

Before the Court is the Motion to Dismiss of Defendants, Kathryn M. Lengel and Theresa A. Quitinsky, and as co-executrixes of the Estate of Mary Kathryn Quitinsky ("Defendants") (Docket No. 10), to which Plaintiff, Personacare of Reading, Inc., d/b/a Kindred Transitional Care and Rehabilitation – Wyomissing ("Plaintiff"), has responded. Also pending is the Motion to Compel Arbitration of Plaintiff (Docket No. 2) and Defendants' Motion to Strike Motion to Compel Arbitration (Docket No. 6), which Plaintiff has opposed. After oral argument on these motions, I will deny Defendants' Motion to Dismiss and Motion to Strike and order Defendants to respond to Plaintiff's Motion to Compel Arbitration.

### I.    BACKGROUND

Defendants' mother, the deceased Mary Kathryn Quitinsky, was a resident of Plaintiff's skilled nursing facility located in Reading, Pennsylvania. (*See* Complaint.) Defendants in this matter filed a claim for nursing home negligence against Personacare

in the Court of Common Pleas of Berks County. Plaintiff then instituted the present action, seeking to have Defendants' state court action compelled to arbitration pursuant to an arbitration agreement signed as part of Ms. Quitinsky's admission to Plaintiff's facility. (*See* Complaint).

## II. DISCUSSION

In addition to the Complaint, Plaintiff filed a Motion to Compel Arbitration, which Defendants have moved to strike. Defendants have also filed a motion to dismiss Plaintiff's Complaint, alleging a lack of subject matter jurisdiction. Defendants argue that Plaintiff, Personacare of Reading, Inc., conducts its business and directs its activities solely in Pennsylvania, and that it does not actually conduct business in Kentucky, despite Plaintiff's allegation in the Complaint that it is "a Delaware corporation with its principal place of business at 680 South 4th Street, Louisville, KY 40202 (Compl., ¶ 1.) If Defendants are correct and Plaintiff actually has its principal place of business in Pennsylvania, this Court would lack jurisdiction over the matter, because there would not be complete diversity between the parties. For the reasons that follow, I find that there is diversity of citizenship between the parties and this Court therefore has subject matter jurisdiction. Accordingly, I will deny Defendants' Motion to Dismiss. In addition, I will deny Defendants' Motion to Strike Plaintiff's Motion to Compel Arbitration.

### A. Motion to Dismiss

28 U.S.C. § 1332 provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of costs and interests, and is between . . . citizens of different States." Plaintiff contends that this Court has jurisdiction based on the diversity of the parties. There is no

dispute that the amount in controversy exceeds $75,000, and that Defendants named in the Complaint are both residents of Pennsylvania. However, Defendants claim that Plaintiff's principal place of business is not in Kentucky, as alleged, but rather is in Pennsylvania, which would defeat diversity in this matter.

A motion to dismiss for lack of subject matter jurisdiction is brought under Federal Rule of Civil Procedure 12(b)(1). When considering a 12(b)(1) motion to dismiss challenging the existence of subject matter jurisdiction, the Court must first determine whether the challenge is a facial attack or a factual attack. Constitution Party of Pennsylvania v. Aichele, 757 F.3d 347, 357 (3d Cir. 2014). A facial attack is an attack on the adequacy of the pleading and when such an attack is made, the court must view the factual allegations in the complaint in the light most favorable to plaintiff. (Id. at 358.) A factual attack is an argument that there is no subject matter jurisdiction because the facts of the case do not support the asserted jurisdiction. (Id.) The court in Constitution Party stated: "So, for example, while diversity of citizenship might have been adequately pled by the plaintiff, the defendant can submit proof that, in fact, diversity is lacking." (Id.) A facial attack calls for a district court to apply the same standard of review that it would use in considering a motion to dismiss under 12(b)(6), *i.e.*, construing the alleged facts in favor of the nonmoving party. In re Schering Plough Corp. Intron, 678 F.3d 235, 243 (3d Cir. 2012.) In a factual attack, a district court may weigh and "consider evidence outside the pleadings." Gould Elecs. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000).

In this case, Defendants have not filed an answer, nor have they presented any evidence to contest the factual allegations contained in the complaint. They merely make unsubstantiated allegations regarding Plaintiff in their motion to dismiss, claiming that

"upon information and belief," Plaintiff "conducts its business and directs its activities solely in the Commonwealth of Pennsylvania," and "does not actually conduct business in Kentucky." (Docket No. 10, p. 2.) This is insufficient to deem Defendants' challenge to subject matter jurisdiction a factual and not a facial attack, as a "factual attack requires a factual dispute, and there is none here." Constitution Party, 757 F.3d at 758.

Accordingly, construing Defendants' jurisdictional challenge as a facial attack, I am required to apply the standard of review that I would use in deciding a motion under Rule 12(b)(6), and view the allegations contained in the complaint in a light most favorable to Plaintiff. Therefore, Plaintiff's allegations that it is a Delaware corporation with its principal place of business in Kentucky must be viewed in the light most favorable to Plaintiff. Lacking any evidence to the contrary, I find that Plaintiff is a Delaware corporation, there is complete diversity of citizenship, and Defendants' motion to dismiss must be denied.

### B. Motion to Strike Motion to Compel Arbitration

Defendants filed a Motion to Strike Plaintiff's Motion to Compel Arbitration, citing Federal Rule of Civil Procedure 12(f), which allows the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). Defendants claim that Plaintiff's Motion to Compel is redundant of Plaintiff's Complaint, as both seek to compel the state court action in this matter to private arbitration. In response, Plaintiff argues that a plain reading of the Rules of Civil Procedure shows that only the following are pleadings: "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party

complaint; and (7) if the court orders one, a reply to an answer." Fed.R.Civ.P. 7(a). Therefore, Plaintiff argues that a motion to strike a motion is not proper under Rule 12(f).

I find that Defendants' motion to strike must be denied. Defendants ask me to strike Plaintiff's motion to compel, but a motion is not a pleading. *See* Fed.R.Civ.P. 7(b); *see also* Bond v. ATSI/Jacksonville Job Corps Ctr., 811 F. Supp. 2d 417, 421 (D.D.C. 2011). Accordingly, Defendants' Motion to Strike is denied. Defendants shall respond to Plaintiff's Motion to Compel Arbitration within twenty (20) days.

### III. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss and Motion to Strike Plaintiff's Motion to Compel Arbitration are denied.